UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WISCONSIN

---

WILLIE DANTZLER,

        Plaintiff,

and

U.S. DEPT. OF HEALTH AND HUMAN
SERVICES, CENTER FOR MEDICARE
& MEDICAID SERVICES,

        Involuntary Plaintiff,

        v.                                    Case No. 10-C-0675

CITY OF MILWAUKEE, JEFFREY THIELE,
MICHAEL WAWRZYNIAKOWSKI,
and UNITED HEALTH CARE OF WISCONSIN, INC.,

        Defendants.

---

ORDER DENYING MOTION TO COMPEL DISCOVERY AND EXTEND THE
SCHEDULING ORDER (DOC. 26) AND MOTION TO STRIKE OR STAY
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (DOC. 25)

Plaintiff, Willie Dantzler, moves to (1) compel the City of Milwaukee, Jeffrey Thiele, and Michael Wawrzyniakowski to respond to one interrogatory and two document production requests, (2) extend the discovery deadline, and (3) strike or stay a decision on defendants' motion for summary judgment. Discovery closed on September 13, 2011. The dispositive motion deadline was November 15, 2011; and the defendants, except for United Health Care, moved for summary judgment on that date. Dantzler's motions to compel, for extension of time, and to strike or stay the summary judgment motion were filed on December 16, 2011.

On July 12, 2011, Dantzler filed a motion to compel (Doc. 17) concerning the same interrogatory and document production requests. At an in-court conference held July 13,

2011, the court denied the motion because Dantzler's counsel had failed to comply with the local rule requiring a good faith effort at conferring with opposing counsel before filing the motion. (*See* Doc. 18.) Dantzler's attorney stated that he had made numerous phone calls to defense counsel and had left messages, and defense counsel had returned his call. The court found the "phone tag" to be insufficient effort.

For the reasons set forth below, the motion to compel and to extend the discovery period will be denied. First, the motion was not filed timely. Plaintiff's counsel was on notice regarding the discovery deadline as of July 13, 2011, and that he had to put forth additional effort to confer with defense counsel. Yet he filed no motion to compel before discovery closed two months later on September 13, 2011. Not until three months after discovery closed did plaintiff seek the motion to compel and to extend discovery. Moreover, Dantzler's counsel fails to provide any good cause or excusable neglect for the delay as required by Fed. R. Civ. P. 6(b).

It is within the court's discretion to deny a motion to compel as untimely in circumstances like these. *See Packman v. Chi. Tribune Co.*, 267 F.3d 628, 646-47 (7th Cir. 2001) ("[D]espite the court's warning that she should not 'tarry' in filing a motion to compel, she waited to file her motion to compel until after discovery had closed, the summary judgment briefing schedule had been set, and defendants had filed their summary judgment motion. In light of her lack of diligence in pursuing the perceived inadequacies in discovery, the district court did not abuse its discretion in denying Ms. Packman's motion to compel as untimely.").

2

Second, Dantzler's counsel again fails to demonstrate compliance with the local rule concerning good faith attempts to resolve the discovery dispute. Civil L.R. 37 (emphasis added) reads:

> All motions to compel disclosure or discovery pursuant to Fed. R. Civ. P. 26 through 37 must be accompanied by a written certification by the movant that, after the movant in good faith has conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action, the parties are unable to reach an accord. *The statement must recite the date and time of the conference or conferences* and the names of all parties participating in the conference or conferences.

Counsel discusses his attempts to resolve the discovery dispute as follows in his memorandum in support of his current motion to compel:

> Prior to the filing of this Motion, Plaintiff made numerous attempts to handle these matters amicably with Defense Counsel. Plaintiff's Counsel attempted on no less than four occasions to contact Defense Counsel to discuss the discovery requests, leaving messages each time. Plaintiff's Counsel does not have any record of receiving any phone calls or messages from Defense Counsel until July, 7, 2011. [sic] On that date, Defense Counsel left a message with Plaintiff's Attorney alleging that she has been attempting to return Plaintiff's Counsel's phone calls and leaving messages. However, Plaintiff's Counsel has no record of such messages nor recalls such phone calls and/or messages, and for these reasons, Plaintiff has filed this Motion.

(Doc. 27 at 2.) This paragraph is identical (typographical error included) to a paragraph in the memorandum Dantzler filed on July 12, 2011, in support of his prior motion to compel. (*See* Doc. 17 at 2.)

Although Civil L.R. 37 expressly requires dates and times of conferences, a reasonable interpretation of the rule is that a party seeking to establish that he made a good faith effort to confer, but no conference occurred through no fault of his own, must set forth the specific dates and times of his attempts. But Dantzler fails to set forth any

3

details regarding his calls to defense counsel. Moreover, counsel's reference to a defense call of July 7, 2011, and the verbatim repetition of his prior brief together signal that he made no further attempt to confer with defense counsel after the July 13, 2011 hearing. All he references are his attempts to confer prior to that date. What he sets forth now was deemed insufficient on July 13, 2011, and remains insufficient now.

Finally, Dantzler's discovery requests were overly broad and burdensome to defendants, the effort required to obtain the discovery outweighs its likely benefit, and Dantzler could have obtained some of the information himself. *See* Fed. R. Civ. P. 26(b)(2)(C). For instance, Dantzler asked defendants to "[i]dentify any person who did not witness the incidents or events which are the subject of this suit, but who has knowledge of the incidents." (Doc. 26 at 2 (quoting Interrogatory 4).) How are defendants to ascertain all of the people with whom Dantzler, the AT&T repairman, and Louis Smith discussed the incident? How can defendants know about everyone who read a police report or copy of the ticket given Dantzler—such as a secretary or attorney at defense counsel's office or an employee of the police department who processed tickets? If Dantzler specifically wanted to know the individuals with whom the defendant officers discussed the incident, he could have asked the officers about it at deposition. But he did not.

Also, Dantzler asked for "all intake logs, journals, or entries, taken on the date of the incident, from the Milwaukee Police District Seven station," with identification of each person arrested and detained at the station and where each person was held at the time of booking and release. (Doc. 26 at 2-3 (quoting Request 2).) Although information as to others being detained at the station at the same time he was there may be relevant, it is unclear how information regarding individuals detained over the entire day would lead to

4

the discovery of admissible evidence. In addition, Dantzler asked for any psychiatric reports contained in the defendant officers' personnel files, yet it is unclear how those reports would have relevance to the case or lead to admissible evidence. Dantzler raised no issue in the case involving the psychiatric state of either officer.

Dantzler's motion to strike or stay defendant's summary judgment motion is based on the same reasons and argument as his motion to compel and for extension of time. Therefore, it too fails. Consequently,

IT IS ORDERED that Dantzler's motion to compel discovery and to extend the scheduling order (Doc. 26) and motion to strike or stay the summary judgment motion (Doc. 25) are denied.

The court will address the summary judgment motion in a separate order.

Dated at Milwaukee, Wisconsin, this 3rd day of August, 2012.

BY THE COURT

/s/ C. N. Clevert, Jr.
C. N. CLEVERT, JR.
CHIEF U. S. DISTRICT JUDGE